Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Jeffrey Martin Feldmiller
Sandra Lee Feldmiller**
   Debtor(s)

Bankruptcy Case No.: 15–11089–TPA
Per September 13, 2016 Proceeding
Chapter: 13
Docket No.: 42 – 11, 31
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

      IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated November 9, 2015 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☒ A.    For the remainder of the Plan term, the periodic Plan payment is amended to be $1,191.00 as of September 2016. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.    The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.    Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.    Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.    The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G.    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☐ H.    Additional Terms:

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*    **IT IS FURTHER ORDERED THAT:**

**A.**    After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**    Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**    Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**    Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**    The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**    In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: September 14, 2016

Thomas P. Agresti, Judge
United States Bankruptcy Court

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Jeffrey Martin Feldmiller  
Sandra Lee Feldmiller  
    Debtors

Case No. 15-11089-TPA  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0315-1     User: jmar     Page 1 of 2     Date Rcvd: Sep 14, 2016  
                     Form ID: 149     Total Noticed: 26

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 16, 2016.

```
db/jdb         +Jeffrey Martin Feldmiller,    Sandra Lee Feldmiller,    11755 Carter Road,
                 Albion, PA 16401-9525
14135194       +AES,    1200 N. Seventh Street,    Harrisburg, PA 17102-1419
14135193       +AES,    P.O. Box 61047,    Harrisburg, PA 17106-1047
14135192        Acutec,    16981 State Highway 198,    Saegertown, PA 16433
14135195       +Bank of America,    1800 Tappo Canyon Road,    Simi Valley, CA 93063-6712
14135196        Discover Bank,    3313 Mill Meadow Drive,    Hilliard, OH 43026
14135197       +EverBank,    301 West Bay Street,    Jacksonville, FL 32202-5180
14135198       +Green Tree Servicing LLC,    P.O. Box 15008,    Tempe, AZ 85284-0108
14135200        GreenTree Servicing LLC,    345 St. Peter Street,    1100 Landmark Towers,   St. Paul, MN 55102
14120732       +GreenTree Servicing LLC,    c/of Ditech Financial LLC,    P.O. Box 6176,
                 Rapid City, SD 57709-6176
14120734       +GreenTree Servicing LLC,    c/of Ditech Financial LLC,    1501 N. Plano Road,   Suite 100,
                 Richardson, TX 75081-2493
14120733       +GreenTree Servicing LLC,    c/of ditech Payment Processing,    P.O. Box 660934,
                 Dallas, TX 75266-0934
14120735       +GreenTree Servicing LLC,    c/of Ditech Financial LLC,    7360 South Kyrene Road T316,
                 Tempe, AZ 85283-4638
14135201       +Integra Mortgage Company,    116 Allegheny Center Mall,    Pittsburgh, PA 15212-5333
14120736       +KML Law Group PC,    Suite 5000, BNY Independence Center,    701 Market Street,
                 Philadelphia, PA 19106-1538
14135202       +Mortgage One Service Corp.,    3520 West 26th Street,    Suite 1,    Erie, PA 16506-2050
14135203       +Nations Bank Mortgage Corp.,    1201 Main Street,    Dallas, TX 75202-5947
14149275       +PHEAA,    PO BOX 8147,    HARRISBURG PA 17105-8147
14157624       +Porania LLC,    P. O. Box 11405,    Memphis TN 38111-0405
14197668        U.S. Department of Education,    PO Box 16448,    St. Paul, MN  55116-0448
14135204       +William T. Molczan, Esquire,    Weltman, Weinberg & Reis Co.,    436 7th Avenue,   Suite 2500,
                 Pittsburgh, PA 15219-1842

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14126533        E-mail/Text: bankruptcy@cavps.com Sep 15 2016 01:57:09      Cavalry Investments, LLC,
                 P.O. Box 27288,    Tempe, AZ 85282
14126534       +E-mail/Text: bankruptcy@cavps.com Sep 15 2016 01:57:09      Cavalry Investments, LLC,
                 500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-1340
14192521        E-mail/Text: bankruptcy.bnc@ditech.com Sep 15 2016 01:55:57      DITECH FINANCIAL LLC,
                 P.O. BOX 6154,    RAPID CITY, SD 57709-6154
14120731       +E-mail/Text: bankruptcy.bnc@ditech.com Sep 15 2016 01:55:57      Green Tree Servicing, LLC,
                 c/of ditech Customer Service,    P.O. Box 6172,    Rapid City, SD 57709-6172
14135199       +E-mail/PDF: gecsedi@recoverycorp.com Sep 15 2016 01:51:42      GreenTree Servicing LLC,
                 7360 South Kyrene Road,    Tempe, AZ 85283-4583
                                                                                              TOTAL: 5

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Ditech Financial LLC
cr              Ditech Financial LLC et. al.
                                                                                   TOTALS: 2, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 16, 2016                                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0315-1           User: jmar                 Page 2 of 2                  Date Rcvd: Sep 14, 2016
                               Form ID: 149               Total Noticed: 26
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 14, 2016 at the address(es) listed below:
          James A. Prostko    on behalf of Creditor    Ditech Financial LLC et. al. pawb@fedphe.com,
           james.prostko@phelanhallinan.com
          James A. Prostko    on behalf of Creditor    Ditech Financial LLC pawb@fedphe.com,
           james.prostko@phelanhallinan.com
          Jeffrey S. Dunn    jefdun@gmail.com
          Joseph A. Dessoye    on behalf of Creditor    Ditech Financial LLC et. al. pawb@fedphe.com
          Joshua I. Goldman    on behalf of Creditor    Ditech Financial LLC jgoldman@kmllawgroup.com
          Michael S. Jan Janin    on behalf of Debtor Jeffrey Martin Feldmiller mjanjanin@quinnfirm.com,
           knottingham@quinnfirm.com;mboni@quinnfirm.com;mgleba@quinnfirm.com;mmbquinnbankruptcy@gmail.com
          Michael S. Jan Janin    on behalf of Joint Debtor Sandra Lee Feldmiller mjanjanin@quinnfirm.com,
           knottingham@quinnfirm.com;mboni@quinnfirm.com;mgleba@quinnfirm.com;mmbquinnbankruptcy@gmail.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                      TOTAL: 9