Case 15-11089-TPA    Doc 82    Filed 11/02/20    Entered 11/02/20 15:53:20    Desc Main
Document    Page 1 of 2

FILED
11/2/20 2:38 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| JEFFREY MARTIN FELDMILLER and | : | Case No. 15-11089-TPA |
| SANDRA LEE FELDMILLER, | : | Chapter 13 |
| *Debtors.* | : | |
| RONDA J. WINNECOUR, | : | Related to Doc. No. 74, 77 |
| CHAPTER 13 TRUSTEE, | : | |
| *Movant,* | : | |
| v. | : | |
| NEWREZ, LLC D/B/A | : | Hearing: Dec. 9, 2020 at 10:00 A.M. |
| SHELLPOINT MORTGAGE | : | |
| SERVICING, | : | |
| *Respondent.* | : | |

# **ORDER**

On October 27, 2020, NewRez, LLC d/b/a Shellpoint Mortgage Servicing. filed a ***Response to Notice of Final Cure Payment*** ("Response") (Doc. 77) stating the Debtor has not been current on all postpetition payments. The *Response* will be scheduled for a status conference, however, the Court notes that a response filed without a reasonable basis may result in the issuance of an order to show cause requiring the applicable Parties to appear in Erie, PA, under threat of possible sanctions for said filing. The Court has found that creditors continue to file these responses without proper due diligence, which not only waste's the Court's time but incurs unnecessary expenses and hardship for the Chapter 13 Trustee and Debtor. *Fed.R.Bank.Proc. 9011* requires attorney's pleadings to be based on a reasonable inquiry. Filing these responses as a means to obtain a further audit, among other things, from the Trustee is not a reasonable inquiry.

*AND NOW*, this *2nd* day of *November, 2020,* for the reasons stated above, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

(1)    A *status conference* on the *Response to Notice of Final Cure Payment* Doc. 77) is scheduled for *December 9, 2020 at 10:00 A.M.* to be held by the *Zoom Video Conference Application.*  The Parties must comply with Judge Agresti's *Amended Notice of Temporary Modification of Appearance Procedures*, dated and effective June 10, 2020, which can be found on the Court's website at https://www.pawb.uscourts.gov/sites/default/files/pdfs/tpa-proc-appearances.pdf

(2)    *Initializing Zoom Hearing:*    To join the Zoom hearing please initiate and use the following link at least 15 minutes prior to the scheduled hearing time:  https://www.zoomgov.com/j/16021303488, or use the following Meeting ID: 160 2130 3488.  For questions regarding the connection contact Judge Agresti's Staff Attorney Courtney Helbling, at 814-464-9781.

(3)    If the appropriate due diligence required under *11 US.C. § 1322(b)(5)* is not exercised in any response to the Trustee's *Notice of Final Cure,* it will result in an order being issued, requiring the person who filed the response, the Lender's Chief Executive Officer, and the head of the Lender's bankruptcy department to personally appear in Erie, PA and show cause as to why said parties should not be sanctioned, including but not limited to a monetary sanction and/or denial of its claim, for running afoul of *Fed.R.Bankr.Proc. 9011* by failing to properly investigate its claim before filing a response.

_____
Thomas P. Agresti, Judge
United States Bankruptcy Court

Case Administrator to serve:
    Mukta Suri, Esq.
    Ronda Winnecour, Chapter 13 Trustee
    Michael Jan Janin, Esq.
    Debtor